**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JULIE ANN HYPES,         )     No. EDCV 11-00859 CW
                            )
            Plaintiff,    )     DECISION AND ORDER
         v.              )
                            )
MICHAEL J. ASTRUE,        )
Commissioner, Social     )
Security Administration,   )
                            )
           Defendant.    )
_____)

     The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks review of the Commissioner's denial of her application for disability and disability insurance benefits.  For the reasons stated below, the Magistrate Judge finds that judgement should be granted in favor of Defendant, affirming the Commissioner's decision.

**I.  <u>BACKGROUND</u>**

     Plaintiff Julie Ann Hypes was born on February 16, 1961, and was 49-years old at the time of her administrative hearing. [Administrative Record ("AR") 10, 109.] She has a high school

1

education and past work experience as a massage therapist. [AR 124.]

Plaintiff alleges disability due to fibromyalgia, pain all over and in her feet, chronic fatigue, and depression.  [AR 124.]

## II.   PROCEEDINGS IN THIS COURT

The complaint in this matter was lodged on June 2, 2011, and filed on June 8, 2011. On December 6, 2011, Defendant filed the answer and certified administrative record. On February 7, 2012, the parties filed their Joint Stipulation ("JS"), identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

On October 31, 2008, Plaintiff filed an application for a period of disability and disability insurance benefits alleging disability beginning September 15, 2008.  [AR 109.]  After the application was denied initially and upon reconsideration, Plaintiff requested an administrative hearing, which was held on June 22, 2010, before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr.  [AR 23-55.] Plaintiff appeared with counsel, and testimony was taken from Plaintiff, vocational expert Ms. Porter, and a lay witness. [Id.]  The ALJ denied benefits in an administrative decision dated August 2, 2010.  [AR 10-19.]  When the Appeals Council denied review on April 4, 2011, the ALJ's decision became the Commissioner's final decision. [AR 1-3.]  This action followed.

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of

2

legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001); <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162 (9th Cir.  2001); <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999); <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996); <u>Moncada v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." <u>Reddick</u>, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." <u>Id.</u>  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." <u>Id.</u>  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. <u>Reddick</u>, 157 F.3d at 720-721; <u>see also</u> <u>Osenbrock</u>, 240 F.3d at 1162.

## V.  <u>DISCUSSION</u>

### A.   THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

3

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented

4

by counsel. <u>Tackett</u>, 180 F.3d at 1098 and n.3; <u>Smolen</u>, 80 F.3d at 1288. If this burden is met, a <u>prima facie</u> case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098, 1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found Plaintiff meets the insured status of the Social Security Act through December 31, 2012; that she has not engaged in substantial gainful activity since September 15, 2008, the alleged onset date (step one); that she has the "severe" impairments, of fibromyalgia, obesity, and depression (step two); and that she does not have an impairment or combination of impairments that meets or equals a "listing" (step three). [AR 12.] The ALJ further found that Plaintiff retains the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except
> the claimant's mental impairments preclude intense
> interaction with coworkers, supervisors, or the public. She
> would miss work up to two times a month.

[AR 13.] The ALJ concluded that Plaintiff is unable to perform her past work as a massage therapist (step four); but that, nonetheless,

---

[1]  Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. <u>Cooper v. Sullivan</u>, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. <u>Penny v. Sullivan</u>, 2 F.3d 953, 958 (9th Cir. 1993); <u>Cooper</u>, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

considering Plaintiff's age, education, work experience, RFC and work skills acquired from past relevant work, could perform other work existing in significant numbers in the national economy (step five). [AR 18.]  Accordingly, Plaintiff was found not to be "disabled" as defined by the Social Security Act. [AR 19.]

### C.  ISSUES IN DISPUTE

The JS identifies as two disputed issues whether the ALJ applied proper standards in rejecting the mental and physical RFC assessments completed by Plaintiff's treating physician, Kenneth Russ, M.D.

As a general matter, the ALJ is to give controlling weight to the opinion of a treating physician that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record. . . ."  CRF § 404.1527(d)(2).  The ALJ need not do so, however, if that opinion is not "well-supported" or is "inconsistent with other substantial evidence in the record." Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007).  In assessing what weight to give a treating physician's opinion, the ALJ may consider factors such as: the quality of explanation the physician provides for his opinion, the consistency of the opinion with the record as a whole and the amount of relevant evidence that supports the physician's opinion, the length of the treating relationship, the nature of the relationship, and the physician's specialty. 20 C.F.R. § 404.1527(d)(3)-(6).

Where the treating physician's opinion is contradicted by the opinions of other medical sources in the record, the ALJ may reject that opinion for "specific and legitimate reasons" which are "supported by substantial evidence." Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001)(citation omitted).  The ALJ can meet this

1  burden by "setting out a detailed and thorough summary of the facts
2  and conflicting clinical evidence, stating [his] interpretation
3  thereof, and making findings." Tommasetti v. Astrue, 533 F.3d 1035,
4  1041 (9th Cir. 2008)(citation omitted).

5      The ALJ met these standards in assessing both of Dr. Russ's RFC
6  assessments.

7      First, the ALJ properly declined to give weight to Dr. Russ's
8  mental RFC assessment form because his conclusions were contradicted
9  by the other medical evidence and by Plaintiff's own statements,
10 because his medical records included few objective findings, and
11 because the form he filled out supported an inference that he was not
12 earnestly assessing her abilities. Specifically, in February 2009 a
13 consultative psychiatric examiner opined that Plaintiff had only a
14 mild depressive disorder and that she could perform all work
15 activities without mental limitation. [AR 202-06.] The state agency
16 reviewing psychiatrist similarly concluded that, based upon a review
17 of the record, Plaintiff does not have a severe mental impairment. [AR
18 211-26.] The ALJ pointed out that these doctors' opinions were overall
19 consistent with the objective medical evidence and concluded that,
20 even giving Plaintiff the benefit of the doubt and deeming her
21 depression to be severe, she is precluded, at most, from intense
22 interactions with co-workers, supervisors or the public, and that she
23 may have to miss work up to two times per month. [AR 13.]

24     There is nothing improper in this analysis.  When, as here, the
25 consulting physician's opinion is based upon his independent clinical
26 tests and findings, and when the consultative examiner's opinion is
27 overall consistent with the record, it may constitute substantial
28 evidence to reject the opinion of a treating physician.  See Andrews

v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).  Here, the ALJ
properly noted that the consultative psychiatrist's opinion was
largely consistent with the findings of the other medical evidence of
record, the opinions of the state agency physicians.  The ALJ then
properly weighed the relative merit of the medical evidence and
Plaintiff's testimony. This is proper.

Furthermore, the ALJ noted that Dr. Russ's reports were based
largely on Plaintiff's subjective complaints and not on clearly
articulated objective findings. [AR 15.] An ALJ is free to reject a
treating physician's opinion if it is based "to a large extent" on a
Plaintiff's self-reporting, particularly when that Plaintiff's
credibility, as here, has been discounted.[2]  See Tomasetti v. Astrue,
533 F.3d at 1041 (citation omitted).  Notably, Plaintiff does not
challenge the ALJ's adverse credibility determination, or his decision
to reject the lay statements of her mother and daughter.

Additionally, the ALJ rejected Dr. Russ's mental RFC assessment
on its face, because on the form the doctor first marked that
Plaintiff had many moderate symptoms, but then scribbled them out and
marked the boxes indicating Plaintiff had either no or mild
limitations. [AR 17, 228-29.] It is the province of the ALJ to assess
the credibility of the information contained in the medical record,
and it was logical for the ALJ to conclude that Dr. Russ did not base
his RFC evaluation upon a careful and accurate review of his treatment
records. In making findings, an ALJ may draw inferences, such as

---

[2]   Indeed, notwithstanding the fact that Dr. Russ treated
plaintiff for approximately ten years, fewer than thirty pages of
medical records – including his RFC assessments – were provided in
support of Plaintiff's application for benefits. [See AR 188-201, 227-
33, 246-54.]

1  these, that logically flow from the evidence.  Sample v. Schweiker,

2  694 F.2d 639, 642 (9th Cir. 1982).

3       Second, the ALJ properly declined to give weight to Dr. Russ's

4  physical RFC assessment form because these conclusions, too, were

5  contradicted by the other medical evidence and by Plaintiff's own

6  statements, and because his medical records included few objective

7  findings and did not support the "extreme and overly exaggerated"

8  limitations he opined.  Specifically, for example, Dr. Russ opined

9  that plaintiff should avoid all exposure to extreme cold and heat,

10 humidity, wetness, noise, fumes, odors, dusts, gas, and hazardous

11 conditions, whereas his treatment notes – and, indeed, Plaintiff's own

12 testimony – did not support such "extreme" limitations. [AR 17,

13 188-201, 246-54.]  The ALJ may properly reject a treating physician's

14 opinion regarding a plaintiff's limitations when those conclusions are

15 not supported by the physician's own treatment notes or his

16 recommendations to the plaintiff.  See Connett v. Barnhart, 340 F.3d

17 871, 875 (9th Cir. 2003).

18      Furthermore, the findings of a consultative internist, based upon

19 his own independent examination of Plaintiff, were essentially normal,

20 and the doctor concluded that Plaintiff had no physical-impairment

21 related limitations. [AR 202-10.]  This is consistent with the

22 conclusions of the state agency reviewing physician. [See AR 211-26.]

23 Indeed, the physical examination of Plaintiff's other treating

24 physician revealed no abnormalities, in marked contrast to the extreme

25 limitations found by Dr. Russ. [See AR 235-45.]

26      Finally, as the ALJ pointed out at several points in the hearing

27 decision, Plaintiff testified she was compelled to see another

28 treating physician because Dr. Russ refused to prescribe any pain

9

medication stronger than Vicodin. [AR 14.]This supports the inference that Plaintiff was prescription shopping and hence less than credible in terms of her complaints. See Sample v. Schweiker, 694 F.2d at 642.

Accordingly, because the decision to reject Dr. Russ's findings is supported by substantial evidence and is free from material legal error, remand is not warranted.

### VI.   ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED**.

2. This action is **DISMISSED WITH PREJUDICE**.

3. The clerk of the Court shall serve this Decision and Order and Judgment herein on all parties or counsel.

DATED: April 17, 2012



                    CARLA M. WOEHRLE
              United States Magistrate Judge

10